IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CATHERINE DENISE RANDOLPH, | * | |
| Plaintiff *pro se*, | * | |
| v. | * | CIVIL ACTION NO. GLR-14-3298 |
| US ATTORNEY GENERAL, et al., | * | |
| Defendants. | * | |

\*\*\*\*\*

## MEMORANDUM

On October 21, 2014, Plaintiff Catherine Denise Randolph, a resident of Baltimore, Maryland, filed this self-represented action against the U.S. Attorney General and other unnamed parties. ECF No. 1. Plaintiff seeks injunctive relief and $3,000,000,000.00 in damages. Id. at p. 3.

Plaintiff has neither moved to proceed in forma pauperis nor paid the $400.00 civil filing fee. In light of recent indigent filings in separate matters,[1] however, the Court presumes that she wishes to proceed in forma pauperis and will not require her to file an indigency motion. Plaintiff's Complaint shall, however, be summarily dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2),[2] a district court must dismiss in forma pauperis complaints "for being legally frivolous or for failing to state a claim." Fogle v. Blake, No. 07-2140, 2007 WL 1989637, at \*1 (8th Cir. July 2, 2007); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006) ("Under 28 U.S.C.A. § 1915(e), which governs [in forma pauperis] filings . . . , a district court

---

[1] See Randolph v. State of Maryland, Civil Action No. GLR-14-2713 (D. Md.) and Randolph v. Baltimore City States Attorney, Civil Action No. WDQ-14-3176 (D. Md.)

[2] The statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim."); Evans v. Albaugh, No. 3:13–CV–11, 2013 WL 5375781, at *2 (N.D.W.Va. Sept. 25, 2013) (same). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989) (internal quotation marks omitted).

Although a pro se plaintiff's pleadings are liberally construed to allow the development of a potentially meritorious case, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791-92 (1945)), the complaint must, nonetheless, articulate facts that, when accepted as true, demonstrate a claim to relief that is plausible on its face, see Weller v. Dep't of Soc. Servs. for City of Balt., 901 F.2d 387, 391 (4th Cir. 1990) (dismissing pro se complaint that fails to allege any factual basis for the claims); see also Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Here, Plaintiff has failed to set out a claim entitling her to relief and the Court can identify no factual allegations of legal significance.

For the foregoing reasons, the Court will dismiss the case for the failure to state a claim.[3] A separate order will follow.

October 30, 2014

/s/
_____
George L. Russell, III
United States District Judge

---

[3] In light of this decision, Plaintiff's Motion to Appoint Counsel [ECF No. 2] shall be denied.